JOHN WARREN vs. the ADMINISTRATOR of DANIEL HENSHAW, *deceased.*

A tenant in common of the use and occupation of land, whereof the co-tenant has the fee, does not, by a perversion of his right, and an actual ouster of his co-tenant, forfeit his interest in the land; but it remains; and ejectment lies against him at the suit of his co-tenant, who will recover according to his interest.

A general verdict, in an action of ejectment between tenants in common, would be conclusive under the statute: therefore the verdict, in such case, should be special, and describe the interest to be recovered.

A new trial refused, and the verdict corrected by the court, upon the facts appearing in the case made.

EJECTMENT for land at Middlebury Falls. Upon the trial, the plaintiff offered in evidence, in support of his title to the demanded premises, a deed from *Stillman Foot*, dated December 8th, 1801, and proved that the intestate had afterwards entered upon a part of the premises described in said deed, (to wit,) the piece of land described in the plaintiff's declaration, and had, in 1820, erected a building thereon, which building the intestate continued to occupy up to the commencement of this suit, and afterwards, being in possession at the time this suit was brought.

The intestate then offered in evidence a deed from said *Foot* to him, the intestate, dated November 22d, 1800, and proved the premises described were a part of the mill-yard, as mentioned in said deed, and had been previously used as a place for throwing out slabs; and contended, that upon a proper construction of the two deeds from the common grantor, the plaintiff was not entitled to recover in this suit.

But the court overruled the objection, and directed the jury, that upon the two deeds abovementioned, the plaintiff was entitled to recover in this suit.

To which decision the defendant excepted, and prayed the court, that said verdict may be set aside, and a new trial awarded.

*Addison,*
January,
1827.

Warren
*vs.*
Adm'r. of
Henshaw.

The deed from *Foot* to *Henshaw* above referred to, was as follows, conveying, &c. "to the said Daniel Henshaw, his heirs and assigns forever, that certain piece or parcel of land where my saw-mill now stands, lying near and adjoining the falls, at said Middlebury, together with said mill; and all the other privileges, that have been usual and now belong to said saw-mill, with the appurtenances thereof, together with an equal right, with my other works on the same falls, for using water for the working of said mill, or for any other purposes, but that of a grist-mill, and of occupying the mill-yard in common, with my works aforesaid for any purpose, not interfering with the said grist-mill, both above and below said mills. It is clearly understood, that I have a right, at all times, of taking water from the saw-mill floom sufficient for my grist-mill, and the fulling-mill of *John Warren*, if there is sufficient left to carry one saw; and that he, the said Daniel, is not, at any time, to infringe on the privileges of the grist-mill or fulling mill, by obstructing the water being conveyed to either of them, unless necessary for the said saw-mill; and that in any scarcity of water, the said Daniel, at that time shall not use more than sufficient to carry one saw, nor is the said Daniel, at any time, or any way, to hinder, or impede the aforesaid works, by obstructing, blocking up, or hindering the prosecution of the other works, more than is absolutely necessary to accommodate said saw-mill; and the said Daniel is to be at his equal expense in repairing of all flooms and dams, whereby he is benfitted, in common with other proprietors on said falls.    To have and to hold, &c."

The deed from *Foot* to the plaintiff, conveyed to him in fee all the said Foot's real estate at the falls, *saving what he had theretofore deeded to Daniel Henshaw.*

*Phelps,* for the defendant, in support of the motion.

The action of ejectment cannot be supported in this case, except upon such proof as will enable one tenant in common to sustain the action against his co-tenant.

By the deed from the common grantor of these parties, (*Stillman Foot,*) to the defendant's intestate, whose deed is prior in the order of time, he has the right of occupying the mill-yard in common with the grantor and his assigns, "for any purpose not interfering with the grist-mill." By the subsequent deed to the plaintiff, the premises are conveyed absolutely, with the exception of such rights as had been previously conveyed to the intestate.    Upon the construction given to these two deeds depends the relative rights of the parties.    It is conceded, that the deed from *Foot* to the intestate does not convey the fee of the mill-yard, and that the deed from *Foot* to the plaintiff does so; but it is by no means conceded, that this fact is decisive in this action.

The action of ejectment is a *possessory* action, and the case often occurs, where one party has the fee, and another, the right of possession.

*Addison,*
January,
1827.

Warren
*vs.*
Adm'r of
Henshaw

It is insisted in this case, that the intestate had, by virtue of his deed from Foot, the right of possession in the premises in question, in common, it is admitted, with the grantor and his assigns. The word *occupancy*, as used in the deed, is synonymous with *possession*, and the privilege of occupying the mill-yard, without limitation of time, is equivalent to a permanent lease of the premises; the parties, therefore, are to be considered, so far as the right of occupancy or possession is concerned, as tenants in common, and no action of ejectment can be sustained, except by showing an actual ouster of the plaintiff. Of this, there is no evidence in the case. If they be not tenants in common, still the question arises, how can ejectment be sustained against the defendant, when he has the right of constant occupancy or possession of the premises.

This case has heretofore been compared to the case of a mere easement where the owner of the soil has recovered in trespass or ejectment. But it is clearly distinguishable from those cases, upon the ground, that a mere easement is a different thing from a right of possession. Those cases turn upon the exclusive right of the plaintiffs. In this case, the plaintiff has not an exclusive right. The defendant cannot, therefore, be turned out, although the plaintiff might have been let in, upon proof of an actual ouster.

Again, the judgment in ejectment will destroy the defendant's right in the premises. If his right were a mere easement, like a right of way, &c. the verdict in this case would not interfere with it. But if he is turned out of possession, how can he enjoy the rights conveyed by his deed?

It is contended, that the intestate had, by virtue of his deed from *Foot*, no right to build upon the premises. If this be so, still the action of ejectment is not the proper remedy.

If the act of building is injurious to those who have the occupancy with him, they have their action on the case; but there is no ground for saying, that it is a forfeiture of his possessory right.

*Holley* and *Starr*, contra, insisted, that the erection of the building upon that portion of the *mill-yard* described in the plaintiff's declaration, constituted an ouster, and therefore ejectment lies. That a new trial ought not, therefore, to be granted; but that the verdict might be amended, if, in the opinion of the court, the defendant's right in common had not become forfeited by his perversion of the grant.

The opinion of the court was delivered by

Skinner, Ch. J. *Stillman Foot* was formerly the owner of all that estate at the falls which is now claimed by the plaintiff and defendant. In his deed of conveyance of the 22d of November, 1800, to the defendant's intestate, after describing the saw-mill, and the land upon which the same was situate, the right to use a portion of the water, &c. his language is, "and of occupying the mill-yard in common with my works afore-

*Addison,*
January,
1827.

Warren
*vs.*
Adm'r. of
Henshaw.

said for any purpose not interfering with the said grist-mill, both above and below said mills;" and afterwards in the deed it is written, "nor is the said *Daniel,* at any time, or any way, to hinder or impede the aforesaid works, by obstructing, blocking up, or hindering the prosecution of the other works, more than is absolutely necessary to accommodate said saw-mill." By the deed of the 8th December, 1801, *Foot* conveys to the plaintiff all his lands, mills, shops, &c. &c. at the falls, except that which had been deeded to *Daniel Henshaw.* The inquiry then is, as to the extent of the right acquired by *Henshaw,* to the mill-yard under his deed. It is said he has but an easement. Whatever his interest may, in technical language, be denominated, (which is to be settled by an inquiry more nice than useful,) a right to him, his heirs, and assigns, to occupy in common with the grantor, his heirs and assigns, is given, that is, a continued constant right of possession and use, as, and for a mill-yard, which is the only beneficial interest and use to which the land can be appropriated by either party; such being the effect of the contract. And we believe a judgment in ejectment against him would, by force of the statute, be conclusive, as to all right in the premises.

The suggestion, that by the abuse of the right, the defendant has forfeited his interest, is not supported by authortity. The plaintiff and defendant are to be regarded as tenants in common, of the mill-yard, though not strictly of the fee, yet of the use and occupancy. The important question, therefore, is, from the facts appearing in the case, was the plaintiff, (being a tenant in common with the defendant,) entitled to a verdict?

It is insisted, that there is nothing upon the record by which the court can infer an actual ouster, and without which one tenant in common cannot maintain ejectment against his co-tenant. The case made by the counsel is very concise. The deeds of the parties are referred to, a brief relation of the defendant's erecting and occupying the tenement; and then it states, "it was contended that by the proper *construction* of the two deeds, the plaintiff could not recover in this suit." The court decided he could, &c.

It is very, evident that the rights the defendant had acquired by a legal *construction* of the deeds, was exclusively the matter in discussion.

One question undoubtedly was, whether the defendant, by the terms of the deed, had not a right to erect a building. This point, though now yielded, has been heretofore urged. Another question probably was, whether *ejectment* was the proper remedy; and it is now insisted, that if any action will lie, it is *case.*

That might, perhaps, be the proper remedy for acts of a particular character, inconsistent with the grant, and prejudicial to the plaintiff. But for ouster or expulsion from any portion of the premises, the appropriate remedy is ejectment. From the very statement of the case it is apparent, the question of

*Addison,*
January,
1827.

Warren
*vs.*
Adm'r of
Henshaw.

*ouster* was not raised, but must have been conceded. The building was not erected by the plaintiff's licence or consent, for this is the cause of complaint. It cannot be supposed the defendant, at his own cost and charges, erected it for the common use and benefit of the parties.

The case does not assume to state all the evidence that was given, and it is not presumed, that all that took place on the trial will appear in the case. When exceptions are taken, it is only necessary in making the case, to state so much of the testimony, as will fairly present the question decided. From these views it will be perceived the court are not inclined to open the case, if it can be avoided, and the rights of the parties protected. It has already been intimated that a general verdict against the defendant will conclude him as to all right, and the verdict in this case is of that description. His right in common must remain. The verdict ought to have described the interest.

The defendant, who wishes to set it aside, will probably consent to its correction; if not, the plaintiff may take a rule upon him to show cause why the verdict should not be corrected.

The defendant refusing, a rule was granted, and on hearing, the verdict was corrected, and judgment rendered thereon.

*Seymour & Holley,* and *P. Starr,* for the plaintiff.

*Daniel & George Chipman, S. S. Phelps* and *R. B. Bates,* for the defendant.